IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JONATHAN HUNT, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.  SA-10-CV-827-XR |
| | § | |
| KERSHYLA PRESTON, JUAN DELBOSQUE, STUART JENKINS, MAXIMILIANO HERRERA, ALESANDRO LOPEZ, NURSE fnu TURNER, JONI WHITE, and BRAD LIVINGSTON, | § § § § § § § | |
| | § | |
| *Defendants*. | § | |

**ORDER**

On this date, the Court considered the Magistrate Judge's Memorandum and Recommendation (Docket Entry No. 5), and Plaintiff's objections thereto (Docket Entry No. 12), concerning Plaintiff's claims of constitutional violations pursuant to 42 U.S.C. § 1983. After careful consideration, the Court ACCEPTS the Magistrate Judge's recommendation.

Where no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of it. *See* 28 U.S.C. §636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made").  In such cases, the Court need only review the Report and Recommendation and determine whether it is either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).  On the other hand, any Report or Recommendation that is objected to requires de novo review.  Such a review means that the Court will examine the entire record and will make an independent assessment of the law.  The Court need

not, however, conduct a de novo review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987). In this case, Plaintiff has filed specific objections to the findings in the Magistrate Judge's report, so the Court reviews the recommendations *de novo*.

Magistrate Judge Primomo found that Hunt's claims against Preston, Delbosque, Jenkins, White, and Livingston are challenges to the fact and duration of his sentencing, such that § 1983 does not provide a means of relief, as the only appropriate remedy for the allegations is a writ of habeas corpus.[1] Hunt's objections attempt to re-characterize his claims against these Defendants.[2] No arguments raised in these objections, however, change the fact that Hunt challenges an allegedly improper revocation of his parole, as well as the fact and duration of his physical imprisonment. Thus, a habeas corpus proceeding is the only mechanism for raising these allegations. *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973); *Sanders v. Smith,* 111 Fed.Appx. 752, 752-753 (5th Cir. 2004).

Furthermore, as Judge Primomo concludes, Hunt's claim that his parole was improperly revoked is frivolous.[3] Hunt alleges that his arrest warrant was invalid because it only identified an electronic monitoring violation, which he claims is due to Preston's error and subsequent deliberate cover-up.[4] This claim is frivolous, however, because Hunt also voluntarily admitted that he tested

---

[1] Memorandum and Recommendation of Magistrate Judge Primomo 3-4, Oct. 21, 2010 (Docket Entry No. 5).

[2] Pl.'s Objections to the Magistrate Judge's Recommendation 1-4, Nov. 12, 2010 (Docket Entry No. 12).

[3] Memorandum and Recommendation at 4.

[4] Pl.'s Orig. Compl. 6, Oct. 8, 2010 (Docket Entry No. 3).

positive for use of controlled substances while on parole, which is a valid basis for the parole revocation.[5] Thus, even if he did not commit an electronic monitoring violation, his parole could have been properly revoked.

Judge Primomo also found that venue is not appropriate in the Western District of Texas for Hunt's §1983 claims of deliberate indifference to medical care against Turner, Herrera, and Lopez, because the events did not transpire here and the defendants cannot be located here.[6] He found that appropriate venue is located in the Corpus Christi Division of the Southern District of Texas.[7] Hunt objects to this finding, arguing that the events began here and "quite a bit of the abuse" transpired here, noting that he has "many more grievances."[8] He also states that he has been a resident of Bexar County for more than a year.[9] The Court notes that the location of the Plaintiff is not determinative of venue, but rather venue is appropriate where the events giving rise to the claims took place, or where any defendant can be found. *Davis v. Louisiana State University,* 876 F.2d 412 (5th Cir. 1989). Plaintiff's claims of "many more grievances" are not relevant to this inquiry because he has not raised allegations relating to events other than those which took place in Duvall County.

Magistrate Judge Primomo correctly concluded that Plaintiff's § 1983 claims against Preston, Delbosque, Jenkins, White, and Livingston are barred by *Preiser v. Rodriguez* and can only be properly raised in seeking a writ of habeas corpus. Judge Primomo also correctly concluded that the

---

[5]*Id.* at 7; Pl.'s Objections at 2.

[6]Memorandum and Recommendation at 5.

[7]*Id.*

[8]Pl.'s Objections at 5.

[9]*Id.*

Western District of Texas is the incorrect venue for Hunt's claims against Turner, Herrera, and Lopez. Accordingly, the Court DISMISSES the claims against Preston, Delbosque, Jenkins, White, and Livingston without prejudice, and TRANSFERS the claims against Turner, Herrera, and Lopez to the Corpus Christi Division of the Western District of Texas. The Court also DENIES Hunt's motion for a temporary restraining order (Docket Entry No. 4), subject to being raised in the transferee district.

    It is so ORDERED.

    SIGNED this 18th day of November, 2010.

                                 XAVIER RODRIGUEZ
                                 UNITED STATES DISTRICT JUDGE